Submitted January 3, reversed February 20, 2020

In the Matter of N. L.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

N. L.,
*Appellant.*

Douglas County Circuit Court
19CC02815; A171434

457 P3d 1114

Jason R Thomas, Judge pro tempore.

Lindsey Burrows filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant seeks reversal of a judgment committing him to the Mental Health Division for a period not to exceed 180 days, ORS 426.130. In his first assignment of error, he argues that the trial court erred in denying his motion to dismiss the case because he was involuntarily detained on a mental health hold for longer than five judicial days without a hearing. The state concedes that the court so erred under the circumstances presented. Those circumstances are somewhat convoluted, and a discussion of them would be of no benefit to the bench, bar, or public. Suffice it to say that we agree with and accept the state's concession that the trial court erred in failing to dismiss appellant's case. *See State v. L. O. W.*, 292 Or App 376, 380, 424 P3d 789 (2018) (statutory scheme "suggests that the legislature intended the five-judicial-day rule to be not merely an obligation on physicians and hospitals to release people after a designated period of time, but a procedural prerequisite to lawful commitment proceedings"); *State v. J. N.*, 279 Or App 607, 608, 377 P3d 695 (2016) (citing ORS 426.232(2), ORS 426.233(1), and ORS 426.095(2)(a), in reversing a commitment order because the hearing was held more than five days after the appellant was taken involuntarily into custody for mental health treatment). Consequently, we reverse the commitment order. That disposition obviates the need to address appellant's second assignment of error, in which he challenges the sufficiency of the evidence for commitment.

Reversed.